THE COMMISSIONERS of *Mifflin* county, *against* BRIS-
BIN'S administrators.

The act of assembly of the 30th March, 1791, authorizing an appeal from the settle-
ment of the account of the county treasurer by the auditors, gives that right of ap-
peal to the accountant officer only, and not to the county.

CERTIORARI to the Common Pleas of *Mifflin* county.

*William Brisbin* having been the treasurer of *Mifflin* county,
his accounts were submitted to, and settled by, the county auditors,
who reported a balance in his favor of $160,06. From this decis-
ion and report, the commissioners of the county entered an appeal
to the Court of Common Pleas, which on motion of Mr. *Hale*, was
stricken off by the court, on the ground, that absolute bail had not
been given by the commissioners when the appeal was entered

*Hale* for *Brisbin's* administrators,

Moved that the writ be quashed, on the ground that a *certiorari*
would not lie; a writ of error being the proper remedy to correct
the error of the Court of Common Pleas, if any had been commit-
ted.

ROGERS, J.—Does the 5th section of the act of 30th March, 1791,
give the right of appeal at all to the county, and does it not only
give it to the accountant officer?

*Banks* for the commissioners,

Insisted that although the right of appeal was not given explicit-
ly to the county, yet by a liberal and just construction of the act
it was given; and cited *Irish* v. *The Commonwealth*, 3 *Bin.* 91.

But the court affirmed the order of the court below, by striking
off the appeal, on the ground that the act of assembly did not give
the right of appeal to any but the treasurer or accountant officer.

Judgment affirmed.